UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD PETERSON,

       Petitioner,                         Case No. 2:22-cv-10577

v.

                                          PAUL D. BORMAN
JAMES SCHIEBNER,             UNITED STATES DISTRICT JUDGE

       Respondent.
_____/

**OPINION AND ORDER**
**(1) DENYING PETITIONER'S MOTIONS FOR A STAY (ECF No. 3) AND FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF No. 4),**
**(2) DENYING PETITIONER'S REQUEST FOR EQUITABLE TOLLING (ECF No. 1, PgID 16),**
**(3) DISMISSING THE HABEAS CORPUS PETITION (ECF No. 1),**
**(4) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND**
**(5) DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Bernard Peterson is a state prisoner in the custody of the Michigan Department of Corrections. He recently filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 (ECF No. 1), a motion for a stay of his habeas case while he pursues post-conviction remedies in state court (ECF No. 3), and a motion for leave to proceed *in forma pauperis* (ECF No. 4). Additionally, in a letter attached to his habeas petition, Petitioner seeks equitable tolling of the statute of limitations on the basis that his habeas petition is late, but he was hospitalized for more than a month earlier this year. (ECF No. 1, PgID 16).

Petitioner's habeas petition would be untimely even if the Court were to grant equitable tolling for the time that Petitioner supposedly was hospitalized. Accordingly, the Court is dismissing his habeas petition as untimely. The Court is denying the motions for a stay and for leave to proceed *in forma pauperis* as moot. The Court also declines to issue a certificate of appealability and denies leave to appeal *in forma pauperis*.

## I. BACKGROUND

### A. The State-Court Proceedings

Following a jury trial in Wayne County, Michigan, Petitioner was convicted of two counts of criminal sexual conduct in the first degree, Mich. Comp. Laws § 750.520b, and one count of kidnapping, Mich. Comp. Laws § 750.349. *See* Pet. (ECF No. 1, PgID 1). On September 7, 2016, the trial court sentenced Petitioner to three concurrent terms of 60 to 90 years in prison. *Id.*; *see also People v. Peterson*, No. 335251, 2018 WL 2121538, at *1 (Mich. Ct. App. May 8, 2018).

In an appeal of right, Petitioner argued that the trial court erred in denying his motion for a directed verdict of acquittal, that the prosecutor committed misconduct, and that his sentence was excessive and disproportionate. *See* Pet. (ECF No. 1, PgID 2, ¶ 9(f)); Mot., Attach. A & B (ECF No. 4, PgID 38-42).[1]

---

[1] Petitioner's statement of facts and exhibits appear to have been inadvertently attached to his motion for leave to proceed *in forma pauperis* (ECF No. 4) instead of his habeas petition.

2

The Michigan Court of Appeals rejected Petitioner's arguments and affirmed his convictions and sentences in an unpublished, *per curiam* opinion. *See* Pet. (ECF No. 1, PgID 2, ¶¶ 9(a) – (d)); Mot., Attach. B (ECF No. 4, PgID 39-42). Petitioner applied for leave to appeal in the Michigan Supreme Court, which denied leave to appeal on October 30, 2018. *See* Pet. (ECF No. 1, PgID 2, ¶ 9(g)); Mot., Attach. C (ECF No. 4, PgID 44).

On August 23, 2019, Petitioner filed a motion for relief from judgment in the state trial court. *See* Pet. (ECF No. 1, PgID 3, ¶ 11(a)(1-4)). The trial court denied Petitioner's motion on November 27, 2019, because (i) several issues were decided against Petitioner on appeal from his convictions, (ii) appellate counsel was not ineffective for failing to pursue some issues, and (iii) there was no cognizable claim of error on which relief could be granted. *See* Pet. (ECF No. 1, PgID 3-4, ¶ 11(a)(7-8)); Mot. (ECF No. 4, Attach. H & I, PgID 58-63).

Petitioner appealed the trial court's decision, but the Michigan Court of Appeals denied leave to appeal on May 14, 2020, because Petitioner had failed to establish that the trial court erred in denying his motion for relief from judgment. *See* Pet. (ECF No. 1, PgID 4, ¶ 11(b)); Mot., Attach. J (ECF No. 4, PgID 64). Petitioner sought reconsideration on the ground that appellate counsel had been ineffective and had raised a few, weak issues on appeal, despite obvious substantial meritorious issues. *See* Mot., Attach. K (ECF No. 4, PgID 65-68). The Michigan

Court of Appeals denied Petitioner's motion for reconsideration, *see id.,* Attach. L (ECF No. 4, PgID 69), and on February 2, 2021, the Michigan Supreme Court denied leave to appeal because Petitioner had failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See id.*, Attach. M, PgID 70.

## B. The Habeas Petition, Motions, and Request for Equitable Tolling

On March 8, 2022, Petitioner filed his habeas corpus petition, an application to proceed without prepaying the fees or costs for his case, his motion to stay the habeas proceeding while he exhausted state remedies, and his motion for leave to proceed *in forma pauperis*. (ECF Nos. 1-4.)[2] The Court understands Petitioner to be alleging the following grounds for relief: (1) he was denied his right to a speedy trial; (2) he had a right to appointment of an expert witness on DNA evidence; (3) he was denied effective assistance of counsel and appointment of an expert witness, the prosecution failed to present sufficient evidence of guilt, and

---

[2] Although the docket shows that Petitioner filed his documents on March 9, 2022, inmate filings are "assessed for timeliness on the day they are handed over to the jail authorities rather than on the day the district court receives them." *Cretacci v. Call*, 988 F.3d 860, 865 (6th Cir.), *cert. denied*, 142 S. Ct. 400 (2021). "Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

Petitioner signed and dated his certificate of service, his application to proceed without prepaying fees or costs, his two motions, and his request for equitable tolling on March 8, 2022. The Court presumes that he handed his documents to prison officials for filing on the same day. Thus, the Court is treating the habeas petition as filed on March 8, 2022.

his motion for a directed verdict of acquittal should have been granted; and (4) the prosecutor deprived him of his right to confront the witnesses against him by failing to produce the employees who purportedly tested the rape kit samples and developed the DNA profiles; and if the Court determines that trial counsel did not sufficiently object to the testimony of the surrogates, he was denied his right to effective assistance of counsel. *See* Pet. (ECF No. 1, PgID 5, 7-8, & 10; Mot., Attach. D, E, F, & G (ECF No. 4, PgID 45-57).

In his motion for a stay, Petitioner states that he has found other issues, which he wishes to present to the state trial court in a motion for relief from judgment before this Court adjudicates his habeas petition. *See* Mot. to Stay (ECF No. 3, PgID 21). He wants the Court to hold his habeas petition in abeyance pending the resolution and exhaustion of his claims in state court. *Id.*

In his request for equitable tolling, which is attached to the habeas petition, Petitioner asserts that his habeas petition is late because he was admitted to the hospital for an infected toe and had the toe amputated. He states that he went in the hospital on or about January 27, 2022, and that he was discharged on or about March 3, 2022. *See* Pet. (ECF No. 1, PageID 16).

Although Petitioner applied for leave to proceed without prepaying the fees or costs for this action, *see* ECF No. 2, he also filed a motion for leave to proceed *in forma pauperis*, *see* ECF No. 4. The motion for leave to proceed *in forma*

*pauperis* is moot because the Court previously granted Petitioner's application to proceed without prepaying the fees or costs for this action. *See* Order (ECF No. 5). The Court now proceeds to address Petitioner's habeas petition, his motion for a stay, and his request for equitable tolling.

## II. DISCUSSION

The Court is required to "promptly examine" a petition for the writ of habeas corpus, and if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the Court must dismiss the petition. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. A preliminary question here is whether Petitioner's habeas petition is barred by the one-year statute of limitations for habeas petitions. Although the statute of limitations is aligned with other affirmative defenses to habeas petitions, *Day v. McDonough*, 547 U.S. 198, 208 (2006), federal district courts may "consider, *sua sponte,* the timeliness of a state prisoner's habeas petition." *Id*. at 209.

Of course, before acting on its own initiative, a court must accord a party fair notice and an opportunity to present his or her position. *Id.* at 210. But Petitioner himself raised the statute-of-limitations issue when he conceded that his habeas petition was late and requested equitable tolling of the limitations period, and he has already presented his position to the Court. The Court, therefore, proceeds with its analysis of the statute-of-limitations issue.

## A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for state prisoners to file their federal habeas corpus petitions. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Sexton v. Wainwright*, 968 F.3d 607, 609-10 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 1064 (2021). The one-year limitation period runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The limitations period also is tolled while a properly filed application for State post-conviction review is pending. 28 U.S.C. § 2244(d)(2).

Petitioner is not relying on a newly recognized constitutional right or on a new factual predicate, and he has not shown that the State created an impediment to filing

7

a timely petition. *Cf.* 28 U.S.C. §§ 2244(d)(1)(B)–(D). Therefore, his conviction became final at the conclusion of direct review.

Under § 2244(d)(1)(A), "direct review" concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review" — when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). A petition for a writ of certiorari to review a judgment entered by a state court of last resort must be filed within 90 days after entry of the judgment. Sup. Ct. R. 13.1.

Petitioner's conviction and sentence became final on January 28, 2019, ninety days after the Michigan Supreme Court denied leave to appeal on direct appeal, because the time for pursuing direct review in the Supreme Court expired then. The statute of limitations began to run on the following day, *see* Fed. R. Civ. P. 6(a)(1)(A); *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002), and it ran uninterrupted until August 23, 2019, when Petitioner filed his motion for relief from judgment. The limitations period was statutorily tolled until February 2, 2021, when the state courts concluded their review of Petitioner's motion. *See* 28

8

U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 220 (2002) (explaining that an application for State post-conviction review is "pending" under § 2244(d)(2) "until the application has achieved final resolution through the State's post-conviction procedures").

The statute of limitations resumed running on February 3, 2021, because Petitioner was not entitled to tolling of the limitations period for the ninety days during which he could have sought a writ of certiorari in the United States Supreme Court following state post-conviction or other collateral review of his convictions. *Lawrence v. Florida*, 549 U.S. 327, 329, 332 (2007). He filed his habeas corpus petition 398 days later, on March 8, 2022.

### B. Equitable Tolling

Petitioner concedes that his habeas petition is untimely. However, he seeks equitable tolling of the limitations period for approximately 36 days while he was hospitalized and had his infected toe amputated. AEDPA's statutory limitations period "is subject to equitable tolling in appropriate cases," *Holland v. Florida*, 560 U.S. 631, 645 (2010), but "federal courts sparingly bestow equitable tolling," *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000). The Supreme Court, moreover, has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'

9

and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Nassiri v. Mackie*, 967 F.3d 544, 549 (6th Cir. 2020) (explaining the same standard). Although Petitioner's hospitalization and operation arguably constituted an extraordinary circumstance, he has not demonstrated diligence in pursuing his rights before his hospitalization.

Furthermore, tolling the limitations period for 36 days while Petitioner was hospitalized would not help Petitioner. It would mean that the habeas petition was filed 362 days, or less than a year, after the state courts concluded review of Petitioner's motion for relief from judgment. But the statute of limitations also ran 206 days before Petitioner filed his motion for relief from judgment, and his motion for relief from judgment did not revive or restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)); *McSwain v. Davis*, 287 F. App'x 450, 454 (6th Cir. 2008).

Thus, even if the Court tolled the limitations period for 36 days, the limitations period ran a total of 568 days: 206 days before Petitioner filed his motion for relief from judgment and 362 days after the state courts concluded their review of his motion. Because Petitioner has failed to show that tolling the limitations period for 36 days would make his habeas petition timely, the Court denies his request for equitable tolling of the limitations period.

### C.  Actual Innocence

Actual innocence, if proved, serves as a gateway through which a habeas petitioner may pass when the impediment to considering the merits of a petitioner's constitutional claims is expiration of the statute of limitations.  *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  But "[t]o be credible, such a claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Petitioner alleges that the prosecution failed to prove all the elements of first-degree criminal sexual conduct and that the trial court erred when it denied his motion for a directed verdict of acquittal.  *See* Mot. (ECF No. 4, PgID 47-48). DNA test results, however, linked Petitioner to the crime, *see Peterson*, 2018 WL 2121538, at *1–2, and he has not presented the Court with any new and credible evidence of actual innocence.  Therefore, he is not entitled to pass through the "actual innocence" gateway and have his claims heard on the merits.

### III.  CONCLUSION AND ORDER

"Deadlines matter, especially in habeas cases[,]" *Simmons v. United States*, 974 F.3d 791, 793 (6th Cir. 2020), *cert denied*, 142 S. Ct. 23 (2021), and Petitioner filed his habeas petition after the one-year deadline expired for filing the petition.

11

He has not shown that he was diligent in pursuing his claims, and his petition is untimely even if the Court were to equitably toll the limitations period for the time that Petitioner was hospitalized.  Furthermore, he has not asserted a claim of actual innocence based on new and credible evidence.

Accordingly, the Court **DENIES** Petitioner's request for equitable tolling and summarily **DISMISSES** the habeas corpus petition as time-barred.

The Court **DENIES** as moot Petitioner's motion for a stay (ECF No. 3).  The Court also **DENIES** Petitioner's motion to proceed *in forma pauperis* (ECF No. 4) as moot, because the Court previously granted his application for leave to proceed without prepaying the fees and costs for this action.

The Court **DECLINES** to issue a certificate of appealability because reasonable jurists would not find it debatable whether the Court's procedural ruling is correct and whether the petition states a valid claim of the denial of a constitutional right.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Lastly, the Court **DENIES** leave to proceed *in forma pauperis* on appeal if Petitioner appeals this decision.  Although he was permitted to proceed *in forma pauperis* in this case, an appeal could not be taken in good faith.  28 U.S.C.

§ 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

**IT IS SO ORDERED**.

Dated: July 13, 2022

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE